**Dismissed and Memorandum Opinion filed August 9, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00379-CV

**HENRY BAKER, Appellant**

**V.**

**CRAIG M. COSCARELLI, DALLAS CRAIG HUGHES, AND YVETTE MASTIN, Appellees**

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-66593**

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order signed June 15, 2016, sustaining a contest to appellant's affidavit of inability to pay costs. A partial clerk's record was ordered so this court could determine its jurisdiction. The record was filed July 6, 2016.

The record reveals that no final judgment has been signed in this pending

case. The order that appellant seeks to appeal is interlocutory and not subject to appeal until after a final judgment is rendered. *See Dahdah v. Zabneh*, No. 14-16-00221-CV; 2016 WL 3362503 at *1 (Tex. App.—Houston [14th Dist.] June 16, 2016, no pet.) (mem.op.) (dismissing appeal of interlocutory order sustaining challenge to affidavit of inability to pay costs).

Generally, appeals may be taken only from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be appealed only if permitted by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). There are no statutory provisions granting the right to appeal the interlocutory order at issue in this case. We may review a challenge to the denial of indigence only when it is made as part of a pending appeal from a final judgment or other appealable order. *See* Tex. R. App. P. 20.1; *Jones v. Houston Police Dept.*, No. 14-10-00916-CV; 2011 WL 61867 at *1 (Tex. App.—Houston [14th Dist.] Jan. 6, 2011, no pet.) (mem.op.).

On July 7, 2016, notification was transmitted to the parties of this court's intent to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating this court's jurisdiction on or before July 18, 2016. *See* Tex. R. App. P. 42.3(a). Appellant filed no response.

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Jamison, McCally, and Wise.

2